By the Court.
 

 The sole question presented is whether the large lot is exempt from taxation under ' favor of Section 5349, General Code, which reads in part as follows:
 

 
 *247
 
 “Public school houses and houses used exclusively for public worship, # * * and the ground attached to such buildings necessary for the proper occupancy, use and enjoyment thereof and not leased or otherwise used with a view to profit * * * shall be exempt from taxation.”
 

 More specifically, is the large lot “necessary for the proper occupancy, use and enjoyment” of the church building on the small lot? The mere statement of the question would seem to supply the answer. Manifestly the use of the large, vacant lot is
 
 convenient
 
 for the members of the church located on the small parcel; but that is vastly different from finding that the large lot is
 
 necessary
 
 for the proper occupancy, use and enjoyment of the other. The appellant stresses the fact that the present owners of the two lots acquired them from a common grantor, the East Cleveland Congregational Church. However, it is difficult to attach any importance to this circumstance, especially since there was a lapse of six years between the two transactions. But the appellant further urges that by its deed the Lutheran Church acquired not only a fee simple title to the small lot but also an option to purchase and the right to use the large parcel. Again this court experiences no difficulty in concluding that these provisions in the deed are not determinative of the question of necessity.
 

 The decision of the Board of Tax Appeals is neither unreasonable nor unlawful and therefore must be affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Turner, Williams, Hart, Zimmerman and Bettman, JJ., concur.
 

 Matthias, J., not participating.